# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CRIMINAL NO. 13-463 (FAB)** |
| **ANTHONY SOTO-RIVERA** | |
| Defendant | |

## ORDER

This matter is before the Court on revocation proceedings. The issue is whether Defendant, who has been arrested on state charges, has a right to a preliminary hearing so that the Court can determine whether there is probable cause that Defendant violated his conditions of release as alleged at Docket No. 63. The United States of America filed a Motion to Vacate Preliminary Hearing. Docket No. 74. The Defendant opposed. Docket No. 76.

Several Courts of Appeals have held that, when a defendant is incarcerated or in custody on another matter, there is no immediate deprivation of liberty as a result of revocation proceedings and the Rule 32.1(b)(1)(A) requirement for a preliminary hearing does not apply. US v. Tucker, 524 F.2d 77 (5th Cir. 1975); Deveny v. United States Board or Parole, 565 F.2d 875, 879 (5th Cir. 1978); US v. Díaz Burgos, 601 F.2d 983, 985 (9th Cir 1979); US v. Moorer, 250 F.3d 739 (5th Cir. 2001); US v. McNease, 52 Fed. Appx. 384 (9th Cir. 2002); US v. Pardue, 363 F.3d 695, 696-698 (8th Cir. 2004); US v. Soles, 336 Fed. Appx. 287, 289 (4th Cir. 2009); US v. Jackson, 358 Fed. Appx. 755, 757 (8th Cir. 2009). See also US v. Pardue, 363 F.3d at 696-698 (when a defendant is not solely held on violations of conditions of supervised release, there is no undue federal incarceration and no need for a preliminary hearing); US v. Flores Pérez, 2010 WL 1328580 *1-3 (S.D.Ca.2010) (same); Benavides v. Thaler, 2012 WL 4718128 *3-4 (S.D.Texas 2012) (same); US v. Rupp, 2017 WL 396544 *3 (N.D.Iowa 2017) (same); Moore's Federal Practice 3D at § 632.1.04 ("As the purpose of the hearing is to determine if there is probable cause to continue detention pending revocation hearing, a preliminary hearing is not required when the defendant is not in custody, or when the defendant is in custody for some other offense.").

However, there is no clearly on point First Circuit precedent on this very premise. See e.g., US v. Chaklader, 987 F.2d 75, 77 (1st Cir. 1993) (**until defendant is taken to federal custody,** he does not have a right to Rule 32.1 proceedings) (emphasis added). See also US v. Reeks, 441 F.Supp.2d 123, 126 (D.Me. 2006) (defendant in state custody does not have a right to Rule 32.1 timeliness requirements (speedy revocation proceedings) **until brought to federal custody**). This Court issued an arrest warrant and writ of habeas corpus for this Defendant to be brought before the Court for revocation proceedings. See Docket Nos. 65-66. Further, Defendant is preventively detained on state court charges because he did not post bond as set in the amount of $3,000,000, and is pending preliminary hearing in state court,

which is set to take place on January 10, 2022. If Defendant were to be released from state court prison— whether because he posts bail or because he is acquitted from state criminal charges— the Defendant would be entitled to a preliminary hearing prior to final revocation proceedings. Therefore, the United States of America's Motion to Vacate Preliminary Hearing (Docket No. 74) is **DENIED**.

      **IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 9th of December 2021.


                          <u>s/Giselle López-Soler</u>
                          GISELLE LÓPEZ-SOLER
                          United States Magistrate Judge